UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CITIZENS CONCERNED ABOUT WOLF HOLLOW** § § § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-CV-00983-O |
| § | |
| **MARATHON DIGITAL HOLDINGS, INC.** § § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. ECF No. 29. Defendant MARA Holdings, Inc. filed objections (ECF No. 31), and Plaintiff Citizens Concerned about Wolf Hollow responded (ECF No. 35). The Court has concluded a de novo review of those portions of the proposed findings and recommendation to which an objection was made. The Court determines that the Findings, Conclusions, and Recommendation ("FCR") in this case (ECF No. 29) should be and is hereby **ACCEPTED,** and Defendant's objections **OVERRULED**.

### I.      LEGAL STANDARD

Federal Rule of Civil Procedure 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion. FED. R. CIV. P. 72(b)(2). An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equip. Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984). A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3).

## II. ANALYSIS

Defendant contests the Magistrate Judge's conclusion that Defendant has not established the requisite amount in controversy by a preponderance of evidence to confer diversity jurisdiction. Specifically, Defendant objects to (1) the finding that "[Plaintiff's] Petition does not show on its face that the claims at issue exceed $75,000"; (2) "the conclusion that the amount Plaintiff pleads as loss of property value—which [Plaintiff] says justifies a permanent injunction—is not the 'object of the litigation' under *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)"; and (3) "the finding that the pecuniary consequences to the Defendant cannot be considered when determining the value of the object of litigation."[1]

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). The "amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). The Fifth Circuit follows the "plaintiff-viewpoint rule," in which "[t]he value to the plaintiff of the right to be enforced or protected determines the amount in controversy." *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962); *see Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 640 n.4 (5th Cir. 2003); *see Vraney v. County of Pinellas*, 250 F.2d 617, 618 (5th Cir. 1958).

Defendant's first and second arguments are two sides of the same coin, so the Court addresses them in concert. In sum, Defendant argues that the Magistrate Judge overlooked evidence in Plaintiff's Petition stating an amount-in-controversy.[2] The Petition cites "a complete

---

[1] Def.'s Objections to Recommendation for Remand 2–3, ECF No. 31.
[2] *Id.* at 5–8.

loss in market value of their homes" as one example of harm to the individual Plaintiffs and includes an affidavit that cites one Plaintiff's property value as $650,000.[3] There is no precedent for what the "object of the litigation" is in a private nuisance case. Accordingly, the Magistrate Judge concluded, "[s]ince the Fifth Circuit has yet to decide this precise issue, the Court is not persuaded that the value of the property is determinative of the amount in controversy for a nuisance claim."[4] "In cases such as this one, the 'object' of the litigation does not turn on the value or decrease in value of [Plaintiff's] members' properties."[5]

Though the Court would not cast its holding as covering nuisance cases generally, it agrees with the Magistrate Judge's conclusion that Defendant has not established by a preponderance of the evidence that the amount in controversy requirement is met. Texas law protects a homeowner's right to use and enjoy his property without substantial interference from conditions such as noise and vibrations. *See generally Crosstex N. Texas Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580 (Tex. 2016). Here, Plaintiff alleges that "the low frequency noise and vibrations from [Defendant's] persistent and excessively loud operating equipment are the central focus of this suit."[6] Plaintiff seeks only "a permanent injunction enjoining [Defendant] from creating, causing, or allowing any unreasonable noise and vibrations from its operations at the MARA Cryptomine."[7]

The issue presented here is if and how the Court can assign a dollar amount to an injunction, where Plaintiff requests no monetary damages. Should the Court look to the money damages that would have been available under state law if Plaintiff had sought money damages? The damage calculations vary based on the type of nuisance, so what information should a petition include such

---

[3] Notice of Removal (Pl.'s Pet.), ¶ 86, ECF No. 1-6; (Lakey Aff.), ¶ 18, ECF No. 1-6.
[4] FCR, 8, ECF No. 29.
[5] *Id.*
[6] Notice of Removal (Pl.'s Pet.), ¶ 12, ECF No. 1-6.
[7] *Id.* ¶ 82.

that the Court could make that determination at this early juncture? *Id.* 610–12. Defendant argues the value of the injunction is obvious because one Plaintiff cited the value of his property and improvements to his land in an affidavit accompanying the Petition.[8] But Defendant fails to cite state law in support, which would explain why that amount is material in a private nuisance case.

A private nuisance case is different than those "involving deeds of trust and equitable title . . . [w]hen a party seeks such specific relief, [and] the litigation can call into question 'the validity of a contract or a right to property . . . in its entirety.'" *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1058 (5th Cir. 2022). In those cases, the contract or property are dispositive of the value of the injunction. But given the lack of clarity here, and that Defendant does not provide the Court a legal basis to determine whether the amount in controversy is satisfied, Defendant fails to carry its burden.

Two well-established rules support the Court's conclusion. First, the "basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983). Second, "because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus, the Court overrules Defendant's first and second objections to the Magistrate Judge's FCR.

Finally, the Court overrules Defendant's third objection that the pecuniary consequences to Defendant should be considered when determining the value of the object of litigation.[9] Defendant explains that to grant an injunction for nuisance under Texas law, a court would balance the equities and necessarily consider the *defendant's* consequences in complying with the

---

[8] Def.'s Objections to Recommendation for Remand 5, ECF No. 31.
[9] *Id.* at 9–11.

injunction.[10] But because the Fifth Circuit follows the "plaintiff-viewpoint rule," in which the defendant's cost of compliance is irrelevant, it is not clear this is a proper consideration. Accordingly, the Court declines to accept Defendant's argument. *See Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 640 n.4 (5th Cir. 2003); *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962); *Vraney v. County of Pinellas*, 250 F.2d 617, 618 (5th Cir. 1958).

### III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand (ECF No. 12) is **GRANTED**; this Court lacks subject matter jurisdiction; and the case is **REMANDED** to the 335th Judicial District Court of Hood County, Texas.

**SO ORDERED** on this **27th day** of **March, 2025.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[10] *Id.* at 10.